UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
FOTO ELECTRIC SUPPLY CO.,
INC.,

        Plaintiff,

    -v-

MARUT ENTERPRISES LLC AND
BRETT MARUT,

        Defendants.
```

24-cv-05540 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

On January 21, 2025, this Court granted the motion of defendants Marut Enterprises LLC and Brett Marut ("Marut") to dismiss the Amended Complaint filed by plaintiff Foto Electric Supply Co., Inc. ("Fesco") seeking declaratory relief. This Memorandum Order sets forth the reasons for that ruling and directs the entry of final judgment.

## BACKGROUND

This is a patent infringement action brought by Fesco, a seller of consumer products, seeking a declaration that certain newly redesigned back-shaver devices produced and sold by Fesco (the "New Products") do not infringe on certain back-shaver patents and trade-dress rights held by Marut and that those patents are invalid. Amended Complaint ¶ 122-42 (Dkt. 22) ("AC"). Fesco also alleges patent misuse and antitrust claims. Id. ¶ 143-54.

1

The parties here are no strangers to litigation. The instant case was filed on the same day as the entry of settlement and dismissal in an action brought by Marut in the Eastern District of New York against Fesco for alleged infringements of Marut's United States Patent No. 7,856,725 (the "Utility Patent"), in connection with Fesco's earlier generation of back shavers (the "Original Products"). See Marut Enterprises LLC, et al. v. Foto Electric Supply Co., Inc., No. 1:23-cv-5875 (E.D.N.Y. 2023) (the "Original Action"). The infringement of the same patent was initially at issue in the case here, but in connection with Fesco's newer generation of back shavers. Without admitting that the Original Products violated the Utility Patent, Fesco made a functional change to the products during the pendency of the Original Action (the "New Products"), i.e., allowing the back shaver to reach a maximum of 150-degree angle, but allegedly has not otherwise changed the appearances of the relevant back shavers. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, at 2 (Dkt. 26) ("MTD Opp."), AC ¶¶ 9, 29-30. The Original Action was settled, and on July 22, 2024, the parties stipulated that the action be dismissed. Declaration of Mark H. Anania in Support of Defendants' Motion to Dismiss First Amended Complaint, ¶ 4, Exs. C, D (Dkts. 25-3, 25-4). That dismissal also included a stipulated permanent injunction entered by Judge Merchant on July 23, 2024, enjoining Fesco from further sales of the Original Products. Id.

On December 6, 2024, during the pendency of this action, Marut sought to moot the instant action in its original form by providing Fesco with a covenant not to sue for infringement of the Utility Design by the New Products, without conceding the merits of any associated claims (the "Covenant"). AC ¶ 32-34 & Ex. 2. Marut, however, refused Fesco's demand to include in the scope of the Covenant Marut's design patent No. 611,653 (the "Design Patent") and common law trade dress. AC ¶¶ 25-27, 35-41. Consequently, Marut moved to dismiss, prompting Fesco to amend the complaint. In the amended complaint, Fesco no longer seeks a declaration regarding the now-moot Utility Patent claims but requests instead a declaration that the New Products do not infringe Marut's Design Patent and common law trade dress and that those patents are invalid. Compare Complaint ¶ 24-57 (Dkt. 1) with AC ¶¶ 122-42, 146-54. Meanwhile, Marut's Design Patent expired on March 9, 2024. AC, Ex. 9. Fesco, however, as the basis for continuing the instant action, claims that it "continues to have a reasonable apprehension that it will face another infringement suit by" Marut, this time in connection with the New Products, because the New Products allegedly have the same appearance as the Original Products. AC ¶¶ 43, 62; Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, at 3 (Dkt. 26) ("Opp."). Fesco points to two events in support of its request for relief. The first one is the refusal of Marut to include the Design Patent and

3

common law trade dress in the December 2024 Covenant. The second is a May 26, 2023, cease-and-desist letter (i.e., predating Marut's infringement lawsuit in connection with the Original Products) sent by former counsel of Marut, Raymond Sun, to Fesco. Id. ¶¶ 19-24. In relevant part, that letter states, upon belief, that Fesco's Old Products violate, inter alia, Marut's Utility and Design patent and that this is "likely to cause confusion among the consuming public and constitutes . . . unfair competition, false designation of origin and trademark infringement, all in violation of Section 43(a) of the Lanham Act." AC, Ex. 3 at 2 (Dkt. 22-3). In accordance with these allegations, Marut's letter demanded that Fesco cease and desist manufacture, import, and sales of the Original Products and requested a response by June 6, 2023. Id. at 3. The letter was not, however, "a complete statement of Marut's rights in connection with [that] matter[.]" Id. Ultimately, however, Marut sued Fesco only in connection with the alleged violations of the Utility Patent by Fesco's Old Products. See Original Action, Dkt. 1.

## LEGAL STANDARDS

A. Motion to Dismiss

On a motion to dismiss, the court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Rescuecom

4

Corp. v. Google Inc., 562 F.3d 123, 127 (2d Cir. 2009) (citation omitted). "In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014) (citation omitted). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

B. Declaratory Judgment

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The "case of actual controversy" requirement is a limitation on the court's power. It refers to "Cases" and "Controversies" that are justiciable under Article III of the Constitution. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-40 (1937).

Although there is no bright line rule to determine whether a declaratory judgment action satisfies Article III's case-or-controversy requirement, the Supreme Court has held that the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests" and that it must be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127, (2007) (citation omitted). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941) (citation omitted).

## DISCUSSION

A. Declaratory Judgment Regarding the Design Patent and Common Law Trade Dress

The Court concludes that the May 26, 2023, cease-and-desist letter is insufficient to establish a "substantial controversy, between parties having adverse legal interests" and that Fesco's claims regarding the Design Patent and the trade dress (Claims I-

6

II, IV-VI) are therefore not ripe for adjudication. See Hewlett-Packard Co. v. Acceleron LLC, 587 F.3d 1358, 1362 (Fed. Cir. 2009) ("[A] communication from a patent owner to another party, merely identifying its patent and the other party's product line, without more, cannot establish adverse legal interests between the parties, let alone the existence of a 'definite and concrete' dispute."). Further, as to the expired Design Patent, the Court finds that there is "no prospect that future conduct in the U.S. could lead to an infringement suit regarding those patents" and thus any "potential conflict is purely 'hypothetical.'" Forrester Env't Servs., Inc. v. Wheelabrator Techs., Inc., 715 F.3d 1329, 1335 (Fed. Cir. 2013).[1]

Furthermore, Fesco's nearly two-year-old letter (over one-year-old at the date of the filing of the instant action) is at most a tentative assessment of a potential patent infringement that does not, in these circumstance, bear out adverse legal interests. In the year that followed, the parties vigorously litigated whether the Original Products infringed Marut's Utility Patent. Surely, if the parties' interests regarding the design and trade dress patents were as adverse as plaintiff alleges, Marut would have asserted those claims in the Original Action, or Fesco

---

[1] In their opposition, plaintiff entirely fail to address the appropriateness of adjudicating declaratory relief as to an expired patent.

would have upgraded its product design when it implemented the functional change. That neither party did so suggests that the claims bearing on the products' design were not particularly strong and that the parties' interests were not sufficiently adverse.

In a parallel situation, a court in this district held that there was no "controversy" where a party initially asserted infringement of a patent in question in a letter but ultimately only sued on infringement regarding that party's other patents. See Radiancy, Inc. v. Viatek Consumer Prods. Grp., Inc., 138 F. Supp. 3d 303, 321 (S.D.N.Y. 2014), as amended (Apr. 1, 2014) ("Surely, if [plaintiff] believed that [the defendant] was infringing the [patent in question], it would have asserted such a claim in this action, which has been vigorously litigated. Since the initial letters referencing the [patent in question]—sent almost two years ago—there has been no conduct indicating that plaintiff believes [the defendant] is infringing" the patent in question.) (alterations added).

This Court also concludes that the passage of time between the May 2023 letter and the instant action, during which defendants in no way indicated that they even as much as believed that the New Products infringed the trade dress and the Design Patent, let alone acted on that belief, further supports the conclusion that there is no ripe "case or controversy." See id at 320. The Court thus lacks jurisdiction to issue declaratory relief with respect

to those claims. See also Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 883 (Fed. Cir. 1985) ("A purely subjective apprehension of an infringement suit is insufficient to satisfy the actual controversy requirement.").

In response, plaintiff argues that the threat of patent infringement litigation is still alive as to the New Products because Marut refused to include the trade dress and Design Patent rights in the Covenant. Opp. at 7; AC ¶ 18. Even if this Court could consider the Covenant in its determination, which it cannot do because facts pleaded after the filing cannot be used to support subject matter jurisdiction, it finds the evidence insufficient to sustain jurisdiction over this matter. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time the action was brought.'") (citing Mollan v. Torrance, 9 Wheat. 537, 539 (1824)). A patentee has no duty to expand efforts to assure its competitors that it will not bring an infringement suit. Accordingly, the Federal Circuit held that "although a patentee's refusal to give assurances that it will not enforce its patent is relevant to the determination, it is not dispositive." Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1341 (Fed. Cir. 2008). As in Prasco, defendants here did not take any affirmative actions with respect to the New Products, other than the now nearly two-year old letter concerning the Old

9

Products. Under these circumstances, the refusal to broaden the Covenant, even if the Court could consider it in its jurisdictional determination, does not support a finding that an actual controversy exists. Plaintiff's claims seeking declaratory relief with respect to the Design Patent and the common law head dress are therefore dismissed for lack of jurisdiction. See AC, Counts I-II, IV-VI.

B. Patent Misuse Claims

In its amended complaint, Fesco also alleges that the Design Patent is invalid and that defendants misused the patent at issue "[b]y continuing to assert a design patent that they knew, or should have known, is not infringed and/or is invalid, and refusing to withdraw the prior allegations of infringement, Defendants have engaged in, and continue to engage in, patent misuse." AC ¶ 144 (Count III). Patent misuse is an affirmative defense that "renders the patent unenforceable." B. Braun Medical, Inc. v. Abbott Laboratories, 124 F.3d 1419, 1428 (Fed. Cir. 1997). Here, plaintiff asserts patent misuse offensively, and it is not entirely clear from the face of the complaint whether plaintiff seeks damages for that claim. Cf. AC at pp. 24-25. Nevertheless, any offensive claim for damages in connection with patent misuse fails because "the defense of patent misuse may not be converted to an affirmative claim for damages simply by restyling it as a declaratory judgment

counterclaim." B. Braun, 124 F.3d at 1428. Furthermore, the Court concludes that plaintiff's request for declaration of patent misuse is entirely duplicative of Fesco's patent invalidity claims over which this Court has no jurisdiction. As such, plaintiff's request for declaratory relief and its patent misuse claim fails as a matter of law. See AC, Claim III.

### C. Antitrust Claim

Finally, Fesco alleges that Marut asserted the patents in question "in bad faith, as part of an attempt to monopolize the market for pivoting back shavers." AC ¶¶ 164-65. But Fesco does not have the standing to bring an antitrust claim under the Sherman and Clayton Act, nor does it allege sufficient facts to do so. See AC, Claim VII. To plead a claim under the Sherman Act, a plaintiff must (1) define the relevant market, (2) allege an antitrust injury, and (3) allege conduct in violation of the antitrust laws. See Concord Assocs., L.P. v. Ent. Props. Tr., 817 F.3d 46, 52 (2d Cir. 2016). To begin with, Fesco's complaint does not even attempt to define the relevant market. See Chapman v. New York State Div. for Youth, 546 F.3d 230, 237-38 (2d Cir. 2008). Further, Fesco's allegations that Marut "has been attempting" to harm the competition or cause competitors to exit are entirely hypothetical and devoid of particularized facts showing that Marut actually

harmed the market in any way. Fesco's request for declaratory relief and its antitrust claim is thus dismissed as well.

For the foregoing reasons, the Court hereby grants defendants' motion to dismiss the complaint in full. Clerk to enter judgment.

SO ORDERED.

Dated: New York, NY
April 1, 2025

                                            JED S. RAKOFF, U.S.D.J.